UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Mario Tynes, | ) C/A No. 8:23-cv-05887-JFA-WSB |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| McCormick Correctional Institution, | ) |
| FNU Palmer, A. W. Robinson, FNU Kimbrell, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This action, filed by a *pro se* litigant under 42 U.S.C. § 1983, is before the undersigned United States Magistrate Judge to review all pretrial matters and submit findings and recommendations to the District Court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C. For the reasons below, the undersigned recommends that this case be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

## BACKGROUND

Plaintiff commenced this action on November 14, 2023,[1] by filing a document that was construed as a Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. By Orders dated November 21, and December 19, 2023, Plaintiff was directed to file necessary information and paperwork to bring this case into proper form. ECF Nos. 5; 10. Plaintiff complied with the Court's Orders and filed the documents required by the Court. As such, by Order dated February 16, 2024, the Court

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on November 14, 2023. ECF No. 1-2 at 1 (envelope stamped as received by the prison mailroom on November 14, 2023).

1

authorized service of process and directed the United States Marshal to effect service. ECF No. 21.

On March 28, 2024, the United States Marshal filed a Summons returned executed as to Defendants Palmer, Robinson, and Kimbrell. ECF No. 27. That same day, the United States Marshal filed a Summons returned unexecuted as to Defendant McCormick Correctional Institution ("McCormick"). ECF No. 26. On May 10, 2024, the Court entered an Order to reauthorize service on McCormick with additional information and again directed the United States Marshal to effect service. ECF No. 32. On July 23, 2024, the United States Marshal again filed a Summons returned unexecuted as to McCormick. ECF No. 36.

As such, the Court entered an Order dated August 20, 2024, requiring Plaintiff to show cause why McCormick should not be dismissed from this action. ECF No. 38. That Order advised Plaintiff as follows:

> The USMS attempted service multiple times on [McCormick], but service was unsuccessful each time. ECF Nos. 26; 36. Critically, when the USMS attempted service most recently on McCormick, it was unable to do so, explaining "SCDC can't accept for individual institutions since it's not a proper entity . . ." ECF No. 36. Based on a review of all the documents returned by the USMS, it appears that the service documents provided by Plaintiff are insufficient to effect service on McCormick.
>
> Further, putting aside the service issues, McCormick is not a proper party and, even if service were perfected, it would likely be entitled to dismissal from this action. This is so because McCormick "is a group of buildings or a facility. Inanimate objects—such as buildings, facilities, and grounds—do not act under color of state law." *Finch v. McCormick Corr. Inst.*, No. 4:09-cv-0487-MBS, 2009 WL 1608442, at *2 (D.S.C. June 8, 2009) (dismissing McCormick as an improper party). Therefore, McCormick is not a "person" subject to suit under 42 U.S.C. § 1983 and should be dismissed as a party Defendant. *See Washington v. Cartledge*, No. 9:12-cv-1127-JFA-BM, 2012 WL 1932839, at *2 (D.S.C. May 8, 2012) (dismissing McCormick as a party defendant), *Report and*

2

*Recommendation adopted by* 2012 WL 1932791 (D.S.C. May 29, 2012)

> Accordingly, **<u>within ten (10) days (plus three days for mail time)</u>**<u>, Plaintiff is ORDERED to show cause why McCormick should not be dismissed from this action for lack of service and because it is not a "person" subject to suit under 42 U.S.C. § 1983. Plaintiff is hereby warned that, if he does not respond to this Order within the time permitted, this case (in its entirety) may be dismissed for failure to prosecute and failure to comply with an order of this Court under Rule 41 of the Federal Rules of Civil Procedure.</u>

*Id*. at 1–2 (emphasis in original). Nevertheless, Plaintiff did not file a response to the Court's Order and the deadline to respond has passed.

## **ANALYSIS**

Based on the foregoing, it appears to the Court that Plaintiff has abandoned this matter, and this case is therefore subject to dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Indeed, Plaintiff has not filed anything in this case since January 11, 2024, when he filed his financial certificate. ECF Nos. 7-1; 7-2. Plaintiff is presumed to have received this Court's Orders, as they were mailed to the address provided by Plaintiff and have not been returned to the Court as undeliverable.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indus.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The United States Court of Appeals for the Fourth Circuit has set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (noting a "dismissal with prejudice is a harsh sanction which should not be invoked lightly"); *see also Sullivan v. Ctr. Mfg., Inc.*, No. 8:12-cv-2564-TMC, 2012 WL 6043639, at *1 (D.S.C. Dec. 5, 2012) (applying the factors noted above and dismissing the case under Rule 41(b) without prejudice for failure to prosecute). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

At this point, Plaintiff has allowed the deadlines set forth by the Court to pass without filing any response. Because Plaintiff is proceeding *pro se*, he is personally responsible for this failure. In this Court's Order to show cause dated August 20, 2024, the Court clearly stated that if Plaintiff failed to file a response to that Order, "<u>this case (in its entirety) may be dismissed for failure to prosecute and failure to comply with an order of this Court under Rule 41 of the Federal Rules of</u>

4

Civil Procedure." ECF No. 38 at 1–2 (emphasis in original). Additionally, Plaintiff has not filed anything in this case in nearly nine months. As such, it appears to the Court that Plaintiff wishes to abandon his case. Because Plaintiff has already ignored Court Orders and deadlines, the Court concludes that sanctions less drastic than dismissal would not be effective.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is recommended that this case be dismissed, without prejudice, for lack of prosecution under Rule 41(b). *See Davis*, 588 F.2d at 70; Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

s/William S. Brown
United States Magistrate Judge

October 2, 2024
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).