IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mario Tynes., <br><br> Plaintiff, <br><br> v. <br><br> McCormick Correctional Institution, FNU Palmer, A. W. Robinson, FNU Kimbrell,, <br><br> Defendants. | C/A No. 8:23-cv-5887-JFA-WSB <br><br><br> **ORDER** |

    Mario Tynes, proceeding pro se, filed this complaint pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

    After multiple attempts of service were made as to Defendant McCormick Correctional Institution, the Magistrate Judge issued an Order dated August 20, 2024, requiring Plaintiff to show cause why McCormick should not be dismissed from this action. (ECF No. 38). Within that Order, Plaintiff was advised that "if he does not respond to this Order within the time permitted, this case (in its entirety) may be dismissed for failure to prosecute and failure to comply with an order of this Court under Rule 41 of the Federal Rules of Civil Procedure." *Id.* Despite this warning, Plaintiff failed to respond.

    Thereafter, the Magistrate Judge prepared a thorough Report and Recommendation[1] ("Report"). (ECF No. 45). Within the Report, the Magistrate Judge opines that this action

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this

1

is subject to dismissal for failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on October 2, 2024. *Id.* The Magistrate Judge required Plaintiff to file objections by October 16, 2024. *Id.* Plaintiff failed to file objections. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that Plaintiff's action is subject to dismissal pursuant to Rule 41.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes

---

Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 45). Consequently, this action is dismissed without prejudice for lack of prosecution under Rule 41(b).

IT IS SO ORDERED.

November 14, 2024    Joseph F. Anderson, Jr.
Columbia, South Carolina    United States District Judge